UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. |
| | ) | |
| | ) | VIOLATIONS: 14CR10218 |
| v. | ) | 18 U.S.C. §§ 1341 and 2 (Mail Fraud) |
| | ) | 18 U.S.C. § 1343 (Wire Fraud) |
| CHRISTINE MORDACH, | ) | |
| Defendant. | ) | |

INFORMATION

The United States Attorney charges that, at all times material to this Information:

1. Defendant CHRISTINE MORDACH, a resident of Massachusetts, was the Director of Financial Aid for Merrimack College ("Merrimack").

2. Merrimack is a private college located in North Andover, Massachusetts.

3. The Federal Perkins Loan Program provides low interest loans to help needy students finance the costs of post-secondary education. Students attending any one of approximately 1,700 participating post-secondary institutions can obtain Perkins Loans from the school. The United States Department of Education (the "ED") provides Perkins Loan funding to each participating school, and the school determines which students have the greatest need and disburses the funds accordingly. Each school's revolving Perkins Loan fund is replenished by ongoing activities, such as collections by the school on outstanding Perkins Loans made by the school and reimbursements from the ED for the cost of certain statutory loan cancellation provisions. Students must file a *Free Application for Federal Student Aid* ("FAFSA") as part of the application process for a Perkins Loan. If awarded a Perkins Loan, a student must complete and sign a Perkins Loan promissory note, which includes that student's personal identifying information including his or her date of birth and Social Security Number, in order to receive the

loan funds.

4.  In her capacity as Director of Financial Aid, MORDACH was responsible for, among other things, administering the Perkins Loan program at Merrimack. MORDACH reviewed student financial aid applications, made decisions regarding Perkins Loan awards, and arranged for the disbursement of Perkins Loan funds.

5.  In her capacity as Director of Financial Aid, MORDACH also was responsible for, among other things, administering the grant programs at Merrimack. Certain grants were awarded based on merit, leadership capability and financial need. Unlike Perkins Loan funds, grant funds did not have to be repaid. MORDACH reviewed financial aid applications, made decisions regarding grant awards, and arranged for the disbursement of grant funds.

6.  From in or about April 1998 to in or about June 7, 2007, MORDACH caused Perkins Loan funds to be fraudulently disbursed to Merrimack students. MORDACH's scheme to defraud took at least two forms:

    (a)  In some instances, MORDACH asked students to whom Merrimack had offered grants to take out Perkins Loans instead. Specifically, MORDACH falsely told the students that Merrimack was in danger of losing its unused Perkins Loan funds, and asked them to borrow funds from the Perkins Loan program instead of taking the grant funds. MORDACH told those students that, in return for their taking out loans instead of receiving grants, they would be given grants for the next academic year in the amount borrowed from the Perkins Loan program, which would enable them to pay off their Perkins Loans. In many instances, the students who agreed to participate in this "switch" program took out Perkins Loans but were not given grant money during the next academic year in the amount borrowed from the Perkins Loan program.

(b)     In some instances, MORDACH disbursed Perkins Loan funds to Merrimack students without a signed promissory note and without the students' knowledge or approval.

7.      From in or around April 1998 through at least September 2011, MORDACH took several actions to conceal the fraudulent Perkins Loans from the students and their parents, and from Merrimack.

8.      In some instances, MORDACH used false addresses, including her own home address, on Perkins Loan paperwork, causing notices regarding the loans to be sent to these false addresses instead of to the students whose personal information MORDACH had used to secure the loans.

9.      In addition, the vast majority of student and parent questions regarding the Perkins Loan program were referred to MORDACH.   When a student or parent complained about a false Perkins Loan, MORDACH took the following actions, among others: (a) MORDACH paid off Perkins Loans with Merrimack funds or in some cases her own personal funds; (b) MORDACH arranged for Perkins Loans to be cancelled, often by falsely reporting to Merrimack's Perkins Loan servicer that the loans were the result of clerical errors; and (c) MORDACH sent correspondence by email and United States mail to students and their parents falsely reporting that the Perkins Loan had been paid in full when, in fact, MORDACH knew the loan had not been paid in full.

COUNTS ONE AND TWO

(Mail Fraud - 18 U.S.C. §§ 1341 and 2)

The United States Attorney further charges that:

10. The allegations contained in paragraphs 1 through 9 are realleged and incorporated herein.

11. Beginning in or about April 1998 and continuing until at least July 2010, in the District of Massachusetts and elsewhere, the defendant,

CHRISTINE MORDACH,

having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses and representations, for the purpose of executing the scheme and artifice to defraud and attempting to do so, placed and caused to be placed in a Post Office and authorized depository for mail matter, matter and things to be sent and delivered by the Postal Service and deposited and caused to be deposited matters and things to be sent and delivered by private or commercial interstate carrier, and knowingly caused to be delivered by mail and such carrier matter and things according to the direction thereon, as follows:

| COUNT | APPROXIMATE MAILING DATE | DOCUMENT |
|---|---|---|
| 1 | September 30, 2010 | Letter from MORDACH to John Doe #1 |
| 2 | July 25, 2010 | Personal Check to John Doe #2 in the amount of $150.00, drawn on MORDACH's personal checking account |

All in violation of Title 18, United States Code, Sections 1341 and 2.

4

## COUNTS THREE AND FOUR

(Wire Fraud - 18 U.S.C. § 1343)

The United States Attorney further charges that:

12. The allegations contained in paragraphs 1 through 9 are realleged and incorporated herein.

13. Beginning in or about April 1998 and continuing until at least September 2011, in the District of Massachusetts and elsewhere, the defendant,

## CHRISTINE MORDACH,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of material false and fraudulent pretenses, representations, and promises, did cause writings, signs, signals, pictures and sounds to be transmitted by means of wire communication in interstate commerce for the purpose of executing such scheme and artifice, to wit, email communications regarding Perkins Loans, as follows:

| COUNT | DATE and TIME | WIRE |
| --- | --- | --- |
| 3 | September 2, 2011 at 4:44 p.m. | Email from MORDACH to John Doe #2 |
| 4 | July 8, 2010 at 1:52 p.m. | Email from MORDACH to John Doe #2 |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATIONS

(18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c))

14. Upon conviction of any offense in violation of 18 U.S.C. §§ 1341 or 1343 alleged herein, the defendant,

### CHRISTINE MORDACH

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, that constitutes or is derived from, proceeds traceable to the commission of the offense.

15. If any of the property described in paragraph 14, as a result of any act or omission of the defendant -

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with a third party;

   c. has been placed beyond the jurisdiction of this Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of all other property of the defendant up to the value of the property described in subparagraphs a through e of this paragraph.

All pursuant to Title 18, United States Code, Section 981 and Title 28, United States Code, Section 2461(c).

Respectfully submitted,

CARMEN M. ORTIZ,
United States Attorney

Dated: July 21, 2014

By: _____
KRISTINA E. BARCLAY
Assistant U.S. Attorney
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100